UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-157** |
| **MARTHA OJEDA** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Martha Ojeda's Petition for Relief under 28 U.S.C. § 2255 (Doc. 68). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On October 5, 2017, Defendant Martha Ojeda pleaded guilty pursuant to a plea agreement to one count of transporting a minor across state lines with the intent to engage in illegal sexual activity in violation of 18 U.S.C. § 2423(f). She was sentenced on April 12, 2018 to sixty months in prison to be followed by ten years of supervised release. Immediately after sentencing, the Government made Defendant's counsel aware that the victim of her crime, a 15-year-old boy, had been arrested for attempted rape of an older woman and

1

later charged with the state crime of Second Degree Kidnapping.[1] Based on this information, Defendant now moves for relief from her sentence pursuant to 28 U.S.C. § 2255 on the basis of a *Brady* violation and ineffective assistance of counsel.[2]

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[3] Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[4] The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[5]

---

[1] This information was revealed to defense counsel during casual conversation. The victim was charged on September 15, 2017 for the August 2017 crime.

[2] Defendant was appointed counsel to assist in the preparation of this motion. Doc. 60.

[3] 28 U.S.C. § 2255(a).

[4] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).

[5] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).

## **LAW AND ANALYSIS**

Defendant argues that her sentencing was constitutionally deficient because she was not made aware of the criminal charges against her victim. Specifically, she claims that the government violated its *Brady* obligation by failing to disclose this information. In the alternative, she argues that her counsel was ineffective in failing to discover this information.

### **A. *Brady* violation**

Defendant argues that the Government violated its *Brady* obligation by failing to disclose the charges against her victim prior to sentencing. Pursuant to *Brady v. Maryland*, the government is required to disclose favorable evidence in its possession.[6] Defendant argues that this information would have provided the Court with "critical context and mitigation for what occurred" and would have supported an argument for a lesser sentence.[7] The Government correctly points out, however, that Defendant waived the right to challenge her sentence collaterally in her plea agreement.

"A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary."[8] A waiver is knowing and voluntary "if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of appeal."[9] The district courts must endeavor to determine whether the

---

[6] Brady v. Maryland, 373 U.S. 83 (1963); United States v. Stanford, 823 F.3d 814, 841 (5th Cir. 2016).
[7] Doc. 68-1.
[8] United States v. Keele, 755 F.3d 752, 754 (5th Cir. 2014).
[9] *Id.*

3

defendant understands the provisions of the plea agreement waiving his right to appeal.[10]

Defendant's plea agreement states in pertinent part that Defendant "[w]aives and gives up any right to challenge [her] sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section 2255."[11] During the colloquy between Defendant and the Court at her rearraignment, Defendant acknowledged that she understood that the plea agreement waived her right "to an appeal and to contest [her] sentence in any post-conviction proceedings except under those very limited circumstances outlined in the plea agreement."[12] Defendant was represented by counsel at the rearraignment. Accordingly, Defendant's waiver was knowing and voluntary, and her *Brady* claim here fits squarely within that waiver.

Indeed, Defendant does not argue that her waiver was not knowing, voluntary, or applicable. Rather, she argues in conclusory fashion that the waiver is "overly broad and must be construed against the Government."[13] Defendant does not explain how the waiver is overbroad when it specifically waives § 2255 collateral challenges to her sentence. Further, while it is true that "ambiguities in [a plea] agreement are construed against the government," Defendant has not pointed out any ambiguity here.[14]

---

[10] *Id.*
[11] Doc. 29.
[12] Doc. 65 at 10.
[13] Doc. 68.
[14] United States v. Powell, 574 F. App'x 390, 394 (5th Cir. 2014).

Accordingly, Defendant's argument fails, and this Court finds that she has waived her right to collaterally challenge her sentence.[15]

### B. Ineffective Assistance of Counsel

In the alternative, Defendant alleges that she was deprived of effective assistance of counsel. The Government does not argue that this claim is waived. Rather, it argues that Defendant cannot show that she was prejudiced by her counsel's failure to discover the charges against her victim.

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding," which includes during sentencing.[16] The Supreme Court in *Strickland v. Washington* established a two-part test to determine when a defendant's right to effective assistance of counsel has been violated.[17] "To demonstrate that counsel was constitutionally ineffective, a defendant must show that [1] counsel's representation 'fell below an objective standard of reasonableness' *and* [2] that he was prejudiced as a result."[18] "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[19]

The Government argues that Defendant cannot show that there is a reasonable probability that knowledge of the charge against her victim would

---

[15] Even if Defendant had not waived her right to bring this claim, it would fail for the reasons stated below. Indeed, "the standard for prejudice under *Strickland* is "identical to" the standard for materiality under *Brady*." Felder v. Johnson, 180 F.3d 206, 214 (5th Cir. 1999).

[16] Lafler v. Cooper, 566 U.S. 156, 165 (2012) (internal citations omitted).

[17] Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).

[18] Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland*, 466 U.S. at 688) (emphasis added).

[19] *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694).

5

have altered the sentence that she received. Defendant argues that had her counsel known about the charge, he could have argued that it suggests that the victim had "a pattern with older women that, along with the facts that Ms. Ojeda is a very low functioning adult; her victim made initial contact with her first; and he initially misrepresented his age, warrants a lesser sentence."[20]

When the Court sentenced Defendant, it already knew that Defendant is a low functioning adult, that the victim made initial contact, and that the victim initially misrepresented his age.[21] Defendant did not, however, allege that the victim was the aggressor or that he forced her to do anything against her will. Defendant admitted that she engaged in sexual conduct with the victim even after she knew his age.[22] She admitted that she traveled from Texas to Louisiana to engage in sexual conduct with the victim and that she brought him back to Texas so that they could live together.[23] The fact that the victim was subsequently arrested for attempting to rape an older woman has no bearing on these facts and admissions. The argument that Defendant suggests—that the 15-year-old victim had a "pattern with older women"—does not mitigate the conduct of Defendant, an adult, and borders on victim shaming. Further, Defendant does not explain how the victim's charge would affect this Court's analysis of the sentencing factors under 18 U.S.C. § 3553(a) or the sentencing guideline range. Therefore, Defendant has not demonstrated a reasonable probability of a lesser sentence, and she cannot succeed on her claim for ineffective assistance of counsel.

---

[20] Doc. 68.
[21] Docs. 43, 50, 65.
[22] Factual Basis, Doc. 30.
[23] *Id.*

## **CONCLUSION**

For the foregoing reasons, Defendant's request for § 2255 relief is **DENIED**.

New Orleans, Louisiana this 29th day of April, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**